UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                    Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   Kelly Davis   |   N/A   |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING DEFENDANTS'
MOTION TO DISMISS (Doc. 20)**

Before the Court is a Motion to Dismiss filed by Defendants Antony J. Blinken, U.S. Secretary of State, Yael Lampert, U.S. Ambassador to Jordan, and Alejandro Mayorkas, U.S. Secretary of Homeland Security.  (Mot., Doc. 20.)  Plaintiff Westway Staffing Services, Inc. opposed, and Defendants responded.  (Opp., Doc. 21; Reply, Doc. 22.)  On August 21, 2024, the Court continued the hearing and ordered the parties to submit supplemental briefing, which was timely filed.  (*See* Order, Doc. 23; Supp. Br., Doc. 24.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for October 11, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Defendants' Motion.

I.     **BACKGROUND**

On January 31, 2024, Westways initiated this action to compel the adjudication of several visa applications that are pending with the U.S. Embassy in Jordan.  (*See* Compl., Doc. 1.)  In the First Amended Complaint ("FAC"), Westways seeks relief on behalf of twenty-six applicants.  (*See* FAC ¶¶ 10–35, Doc. 15.)  Westways is a nursing registry that currently employs 3,000 registered nurses across the United States.  (*Id.* at 2.)  Part of Westways business is to use the immigration process to bring qualified nurses from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                        Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

abroad to work in the United States.  (*Id.*)  There is a recognized shortage of nurses in the country and registered nurse is designated as a Schedule A occupation by the U.S. Department of Labor.  (*Id.*)

The nursing shortage means that Westways and its immigrant employees use the I-140, an Immigrant Petition for a Non-Citizen Worker, which allocates immigrant visas for "[q]ualified immigrants who are capable … of performing skilled labor (requiring at least 2 years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States."  8 U.S.C.A. § 1153(b)(3)(A)(i).  When an employer, like Westways, applies for labor certification for Schedule A occupations, it files the I-140 application for the immigrant employee with the Department of Homeland Security, and an Immigration Officer determines whether the non-citizen meets the requirements for a Schedule A applicant.  20 C.F.R. § 656.15(a) & (e).  This process and the Immigration Officers are under the purview of the U.S. Citizenship and Immigration Services ("USCIS").  20 C.F.R. § 656.3.

Once the I-140 petition is approved, jurisdiction over the process shifts to the U.S. Department of State.  (FAC at 6.)  The State Department collects a fee and documentation from the visa applicant and schedules an interview between a consular officer and the applicant at the U.S. Embassy in the applicant's country of residence.  (*Id.*)  Following the interview, the consular officer "must issue the visa, refuse the visa under [the Immigration and Nationality Act ("INA")] 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa."  22 C.F.R. § 42.81.  If a consular officer refuses to issue a visa under INA 221(g) (codified at 8 U.S.C. § 1201(g)), he or she can place the visa application in administrative processing to afford the applicant an opportunity to demonstrate eligibility.  (FAC at 8.)  And, although consular officers lack the authority to revoke an approved I-140 petition, if the officer discovers new facts not known to USCIS at the time the petition was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                          Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

adjudicated, the officer can also choose to return the petition to USCIS with a recommendation that the petition should be revoked.  (*Id.* at 7.)

Westways alleges that it has become the target of discriminatory treatment by the U.S. Embassy in Amman, Jordan.  (*Id.* at 10–12.)  According to Westways, consular officers now regularly refuse to issue visas to visa applicants that are sponsored by Westways, even though USCIS has already approved the underlying I-140 application and determined that the applicant is eligible for a visa.  (*Id.*)  Westways alleges that its applicants attend their interview at the U.S. Embassy in Amman and are informed at the end of the interview that their applications are being held for administrative processing under 8 U.S.C. § 1201(g).  (*See id.* ¶¶ 10–35.)  The procedure for visa refusal dictates that consular officers must issue a signed and dated decision and "inform the applicant of the provision of law or implementing regulation on which the refusal is based."  22 C.F.R. § 42.81(b).  Nevertheless, Westways's visa applicants are rarely informed of a more specific reason for the visa refusal and most applicants never receive a formal signed decision from the officer.  (*See* FAC ¶¶ 10–35.)

Following their placement in administrative processing, the U.S. Embassy takes no further action on the visa applications for years, despite the applicants' repeated requests for status updates or efforts to demonstrate eligibility.  (*See id.*)  In several instances, the consular officers also return the underlying I-140 petition to USCIS with a recommendation that USCIS revoke its approval; this further delays the process and USCIS often takes months to make a follow-up decision.  (*See id.*)  With this action, Westways seeks to compel a final decision on those visa applications and brings claims for a writ of mandamus and violations of the Administrative Procedure Act ("APA"). (*See id.* ¶ 38.)

Though Westways brings these allegations of delay as to twenty-six visa applicants in the FAC, it is clear from the FAC itself and the briefs filed in association

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                              Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

with the Motion to Dismiss that not all applicants still have viable claims.  Several
applicants have chosen to abandon their applications and their plans to work for
Westways in the United States.  (*See, e.g.*, *id.* ¶ 20.)  Additionally, several applicants
have had visas issued by the State Department since the initiation of this lawsuit.  (Mot.
at 15 n.2.)  For clarity, the Court ordered the parties to submit supplemental briefing to
better explain which visa applicants still have claims against the State Department for a
failure to adjudicate their applications.  (*See* Order at 1–3.)  That supplemental brief
explains that seven applicants still have visa applications in administrative processing
with the U.S. Embassy in Amman.  (Supp. Br. at 5–7.)  Another subgroup of applicants
are also awaiting further action from USCIS, but the claims against USCIS are not the
subject of Defendants' Motion.  (*See id.*)

Defendants now move to dismiss the claims against the State Department on the
basis that a visa refusal is a final agency decision, even if the visa is placed in
administrative processing; therefore, there is no further adjudication that Westways can
lawfully compel the U.S. Embassy to take.  (Mot. at 11.)

## II.    LEGAL STANDARD

### A.    12(b)(1)

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of
the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide,
Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In other words, a motion to dismiss for lack of
subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual.  *See Safe Air
for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the
challenger asserts that the allegations contained in a complaint are insufficient on their
face to invoke federal jurisdiction." *Id.*  "Dismissal for lack of subject matter jurisdiction
is appropriate if the complaint, considered in its entirety, on its face fails to allege facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                          Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

### B.      12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## III.    ANALYSIS

Defendants argue that this action should be dismissed because the Court lacks jurisdiction, the consular nonreviewability doctrine precludes judicial review of the visa application decisions, and Westways fails to state a plausible claim that adjudication of those applications was unlawfully withheld.  The Court addresses each argument in turn.

### A.      Jurisdiction and the Duty to Act

Defendants argue that the Court lacks jurisdiction over this action because both a writ of mandamus and a claim under the APA require a plaintiff to plead and prove that a federal official had a nondiscretionary duty to act.  (Mot. at 18.)  For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                    Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

"[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).  Meanwhile, "the only agency action that can be compelled under the APA is action legally *required*," so "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004).  Defendants explain that here, because the relevant visa applications have already been refused, there is no further duty to act, and the claims must be dismissed.  (Mot. at 19.)

As a threshold matter, it is not clear that Defendants have identified a jurisdictional bar, and Defendants fail to articulate plainly why dismissal is proper under Federal Rule of Civil Procedure 12(b)(1).  Other courts considering similar motions to dismiss have decided that the existence of a non-discretionary duty to act is a question that goes to the merits and have construed the arguments as a motion under Rule 12(b)(6).  *See Kiani v. Blinken*, 2024 WL 658961, at *4 n.3 (C.D. Cal. Jan. 4, 2024).  The Court agrees with this approach.  Though Westways certainly has to identify a nondiscretionary duty to act in order for its APA and mandamus claims to survive, this is a merits-based issue and not a jurisdictional one.

Turning then to whether Westways has shown that Defendants have a nondiscretionary duty to act in this case, the Court concludes that such a duty exists.  "A consular office is required by law to act on visa applications." *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997).  "When a visa application has been properly completed and executed before a consular officer …, the consular officer must issue the visa, refuse the visa …, or … discontinue granting the visa." 22 C.F.R. § 42.81(a).  To refuse a visa, the consular officer must sign and date the refusal form and provide the statutory or regulatory provision "on which the refusal is based." *Id.* § 42.81(b).  Whether a consular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                              Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

officer has a further duty to act on a visa application often turns on the facts of each case, and courts make different determinations depending on the indicia of finality in the officer's decision.  *See Kiani*, 2024 WL 658961, at *5; *see also Patel*, 134 F.3d at 932 (deciding that no final refusal of the visa application had taken place because the consulate did not issue a formal refusal that complied with the requirements of 22 C.F.R. § 42.81(b) and the consulate stated that it was holding the applications in abeyance); *cf. Yaghoubnezhad v. Stufft*, -- F. Supp. 3d --, 2024 WL 2077551, at *8 (D.D.C. May 9, 2024) (finding that consular officers "discharged" their nondiscretionary duty after placing applications in administrative processing because plaintiff failed to allege any facts suggesting that this did not amount to a "bona fide, lawful refusal").

Here, as to the seven visa applicants who are still undergoing administrative processing in this action, the Court concludes that the factual allegations support Plaintiffs' position that these applicants have not yet received a final decision, meaning the U.S. Embassy has not yet discharged its nondiscretionary duty.  First, applicants have not received a refusal that complies with the requirements—either in form or in substance—of 22 C.F.R. § 42.81(b).  Several applicants allege that they never received a signed notice and were never informed of the legal basis for the application's refusal. (*See, e.g.*, FAC ¶¶ 10, 11, 13, 15, 18, 22, 24, 30.)  Second, visas have been issued to at least seven applicants who initially had their application placed in administrative processing.  (*See* Supp. Br. at 5–6; FAC at 10.)  Because further action is regularly taken, Westways's allegations permit the inference that the placement in administrative processing is *not* a bona fide refusal.  Third, USCIS has reaffirmed its approval as to at least two I-140 petitions, meaning further action has already been taken as to those applications and USCIS has reiterated the visa eligibility for those applicants.  (*See* Supp. Br. at 6–7.)  Therefore, the facts alleged in this case support the inference that the placement in administrative processing is not final decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                              Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

None of Defendants' arguments otherwise is persuasive.  Defendants claim that consular officers "reached decisions" on the relevant visa applications and "there is no further nondiscretionary action for Defendants to take."  (Mot. at 20.)  But, as just explained, the factual allegations in the FAC and the further action taken as to certain visa applications permits the inference that Defendants' decisions were not final.  Defendants add that, what Westways really seeks, is a readjudication of the visa applications.  (*Id.*)  But Westways does not seek readjudication; the request for relief is not premised on the visa applicants' right to a different outcome, just a final one.

The Court concludes that Westways has sufficiently pleaded the existence of a nondiscretionary duty to act in support of its claims under the APA and for a writ of mandamus.

### B.    Consular Nonreviewability

Next, Defendants argue that consular nonreviewability precludes judicial review in this action because the Court may not substantively review the decisions of consular officers.  (Mot. at 22.)  "[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review."  *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008) (quoting *Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970, 971 (9th Cir. 1986)).  But the consular nonreviewability doctrine applies only if the Court agrees with Defendants that the consular officers already issued final decisions as to these visa applications.  If "consular officers have validly refused Plaintiffs' visas, the Court cannot order further review or adjudication of those refusals without requiring consular officers to examine their *substance.*"  *Yaghoubnezhad*, 2024 WL 2077551, at *11.

But here, the Court has already decided that Plaintiffs' factual allegations permit the inference that no final decisions were issued.  Therefore, this action does not require

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00204-JLS-JDE                           Date: October 09, 2024
Title:  Westways Staffing Services, Inc. v. Antony J. Blinken, et al.

the Court to order further review or adjudication of the substance of the consular officers' decisions.  Rather, should Plaintiffs prevail, the Court would only be reviewing the withholding of a final decision and the failure to comply with a nondiscretionary duty to act.

### C.    Stating a Claim for Unlawful Withholding

Finally, Defendants argue that Westways "fails to state a plausible claim regarding unlawful withholding." (Mot. at 24.)  But in support of that assertion, Defendants simply reiterate the arguments they have already made: (1) that the consular officers "fulfilled their regulatory duty"; (2) that placing a visa application in administrative processing completes the action required by law and is, therefore, a final decision; and (3) that what Westways really seeks is review of the reasons for refusing the visa applications. (*Id.* at 25–27.)  For the reasons already discussed, these arguments are unavailing.  The allegations in the FAC sufficiently state a claim for unlawful withholding of a final agency decision.

### IV.    <u>CONCLUSION</u>

For the above reasons, the Court DENIES the Motion to Dismiss.

Initials of Deputy Clerk: kd